UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

             Plaintiff,

   v.

AMR MOHSEN and ALY MOHSEN,

             Defendants.

NO. CR. 03-95-WBS

MEMORANDUM AND ORDER RE:
MOTION TO RECONSIDER ORDER
GRANTING MOTION TO SUPPRESS
FRUITS OF ARREST

----oo0oo----

On October 24, 2005, after the matter was fully briefed and argued by counsel and submitted to the court for decision, the court granted defendant Amr Mohsen's motion to suppress the fruits of his arrest on March 27, 2004.  Now, dissatisfied with that ruling, the government moves for reconsideration pursuant to Civil Local Rule 7-9.

The following four grounds are urged as the bases for the court to reconsider its prior ruling:

*First*, that even if the FBI agents did not have reasonable grounds to believe that defendant had committed felony

1

contempt, as the government previously argued, they had probable cause to believe defendant had feloniously structured financial transactions in order to evade bank reporting requirements in violation of 31 U.S.C. § 5324(a)(3);

*Second*, that the FBI agents had authority under 18 U.S.C. § 3052 to arrest defendant for misdemeanor contempt committed in their presence;

*Third*, that the FBI agents had authority under 18 U.S.C. § 3062 to arrest defendant for violating a condition of his pretrial release imposed under 18 U.S.C. § 3142(c)(1)(B)(iv) by making flight reservations in their presence; and

*Fourth*, that this court erred in finding that because there was no reason to conclude that the court would have deemed defendant's conduct to warrant imprisonment for more than a year the FBI agents did not have probable cause to believe that defendant had committed or was committing felony contempt.

Civil Local Rule 7-9(a), upon which the government relies, provides that prior to final judgment, any party may request the judge to allow the party to file a motion for reconsideration on any ground set forth in Civil L. R. 709(b), which provides in pertinent part that:

> (b) **Form and Content of Motion for Leave.**
> A motion for leave to file a motion for reconsideration must be made in accordance with the requirement of Civil L. R. 7-9. The moving party must specificially show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for

reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of such new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

None of the grounds urged for reconsideration of this court's prior order fall within any of these categories.

The government's *second*, *third* and *fourth* grounds for reconsideration are all arguments which this court considered and rejected in its prior ruling. As the court noted, there is no crime of attempted contempt, and none of the acts committed in the agents' presence amounted to a violation of any of the specific conditions of defendant's pretrial release. No new facts or law have been developed since the time the motion was first briefed and argued. The court is not required by Rule 7-9 or any other procedural rule to allow the government to reargue the same facts and law as were previously considered by the court, and in the interest of the orderly administration of justice the court refuses to exercise its discretion to do so here.[1]

The government's *first* ground, although based on the same facts as were before the court at the time of its ruling on

---

[1]    Civil Local Rule 7-9(c) provides that: "**Prohibition Against Repetition of Argument.**  No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered.  Any party who violates this restriction shall be subject to appropriate sanctions."

the original motion, is based on a statute which was never even mentioned during all of the briefing and arguments on the motion. Specifically, the government never sought to justify the arrest of the defendant on the basis of probable cause to believe a violation of 18 U.S.C. § 5324(a)(3) or any other financial structuring, money laundering, or similar statute.  This ground, too, does not fit into any of the categories in Rule 7-9(b).

No material difference exists between the facts and law now and the facts and law as they existed at the time the court ruled on the original motion; the government has not shown any facts or law which it did not know at the time the court entered its prior order; and there certainly was no manifest failure by the court to consider material facts or legal arguments "which were presented to the court" before its prior order.

For those reasons alone, the court is justified in denying the motion for reconsideration.  Moreover, even if the court were required to consider the government's newly proffered ground to justify the arrest of the defendant without a warrant, the court could not find from the evidence presented that the FBI agents had probable cause to arrest the defendant for a violation of 31 U.S.C. § 5324(a)(3).

Section 5324(a)(3) provides in pertinent part that:

> (a) Domestic coin and currency transactions involving financial institutions. - No person shall, for the purpose of evading the reporting requirements of section 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by any regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508 -

4

> > (3) structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

18 U.S.C. § 5324(a)(3). Violations of Section 5324(a)(3) are punishable by up to five years' imprisonment. 18 U.S.C. § 5324(d)(1).

Among the "reporting requirements" adopted by Section 5324 are those set forth in 31 U.S.C. § 5313 and 31 C.F.R 103.22(b)(1). The latter regulation provides that "(e)ach financial institution other than a casino shall file a report of each deposit, withdrawal, exchange of currency or other payment or transfer, by, through, or to such financial institution which involves a transaction in currency of more than $10,000." *Id.* An accompanying regulation provides that

> > No person shall for the purpose of evading the reporting requirements of § 103.22 with respect to such transaction:
> >
> > > (a) Cause or attempt to cause a domestic financial institution to fail to file a report required under § 103.22;

31 C.F.R. § 103.63. The regulations also define "structuring" as follows:

> > a person structures a transaction if that person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements under section 103.22 of this Part. "In any manner" includes, but is not limited to, the breaking down of a single sum of currency exceeding $10,000 into smaller sums, including sums at or below $10,000, or the conduct of a transaction, or series of currency transactions, including transactions at or below $10,000. The transaction or transactions need not exceed the $10,000 reporting threshold at any single financial institution on any single day in order to constitute

1    structuring within the meaning of this definition.
2    31 C.F.R. § 103.11 (gg).
3        The evidence upon which the government relies to
4    support a finding of probable cause to believe a violation of
5    section 5324(a)(3) had been or was being committed, considered in
6    the light most favorable to the government, is as follows.  The
7    FBI agents knew that, in the mid-afternoon of March 26, defendant
8    had deposited two checks at a Bank of America branch in Santa
9    Clara.  The checks were for $30,000 and $34,000.  Defendant told
10   the teller that he wanted to withdraw as much cash as possible.
11   He was told that he could withdraw $10,000 and did so.  Defendant
12   then left that Bank of America branch with a $30,000 cashier's
13   check.
14       Defendant took the $30,000 Bank of America cashier's
15   check and went to a nearby Silicon Valley Bank branch, where he
16   cashed the check and received $30,000 in $100 bills.  He was
17   informed about the requirement of filling out a Currency
18   Transaction Report ("CTR") for cash transactions in excess of
19   $10,000, and the CTR requirements were explained to him.
20       After being made award of the CTR requirements,
21   defendant went into another Bank of America branch in Sunnyvale
22   at about 5:30 p.m. on March 26.  There, he sought to obtain
23   $20,000 in cash.  After getting only $10,000 in cash, he sought
24   to obtain a blank cashier's check in the amount of $10,000.  When
25   told that he could not obtain a blank cashier's check, defendant
26   declined to get a cashier's check at all.  He then asked for the
27   location of another Bank of America branch and inquired whether
28   he could obtain cash at that branch.

Finally, the next morning, defendant went to a Bank of America branch in Los Gatos, where he was observed receiving a stack of United States currency approximately 1.5 inches thick and departing the bank.

"Probable cause to arrest exists when 'under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime.'" Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991)(quoting United States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986)). "Mere affirmance of belief or suspicion is not enough." Nathanson v. United States, 290 U.S. 41, 47 (1933).

An essential element of any violation of section 5324(a)(3) is that the defendant acted "for the purpose of evading . . . the reporting or recordkeeping requirements" of the applicable statutes and regulations. While there may well have been probable cause to believe that defendant was trying to get as much cash as possible in order to flee the country, the court fails to see how the facts could support a finding of probable cause to infer that in so doing defendant was trying to evade any reporting or recordkeeping requirements. To the contrary, the agents were informed that when defendant was told by the operations officer at the Silicon Valley Bank that he would have to fill out a CTR on order to withdraw $30,000 in cash defendant said it was not a problem and filled out the CTR.

Later, after having been informed of the reporting requirements, defendant asked the teller at the Bank of America in Sunnyvale if he could withdraw $20,000 in cash from his

account.  If defendant were attempting to avoid the reporting
requirements, as the government now argues, it would seem that he
would have tried to withdraw $10,000 or less, not $20,000.  It
was the <u>teller</u> who told him that the most he could take in cash
was $10,000.

After depositing another check in the amount of
$54,000, defendant asked for another $10,000 and was told he
could receive a cashier's check in that amount.  The government
makes a point of the fact that defendant refused the check if the
name of the payee could not be left blank.  From that, there was
certainly reason to infer that defendant was seeking to conceal
the identity of the person to whom the money was to be paid, but
it does not logically follow that he was seeking thereby to evade
the reporting requirements of the Money and Finance Code.

In its reply brief, the government points out that
defendant's conduct must be considered in light of all of the
other facts known to the agents at the time of the arrest,
including (1) that defendant wanted to substitute his daughter's
home for his on the bond and draw $1,000,000 in equity from his
home; (2) that he wanted to travel to Florida a few days before
trial, and was ordered by the court not to travel; and (3) that
he avoided using his cell phone.

What these facts confirmed was that defendant's
objective was to gather as much cash as he could and flee the
jurisdiction of the United States courts in order to avoid
prosecution for the serious charges already pending against him.
The monetary reporting requirements under Title 31 of the United
States Code did not seem to be of slightest concern to him.  From

8

the information available to the FBI agents, it appeared that in each bank defendant entered he tried to withdraw as much cash as they would allow him to have, and he never seemed unwilling to fill out whatever papers were necessary in order to do so.

If, as the government argues, the agents had probable cause to arrest defendant for violating section 5324(a)(3), then that same probable cause could have been used to indict him for that offense. Yet, despite all of the other counts in the indictment, defendant was not charged with a violation of section 5324(a)(3) or any other charge of structuring financial transactions. Admittedly, the failure of the officers to invoke financial structuring as the reason for the arrest does not preclude the government from later asserting it. See Devenpeck v. Alford, 125 S.Ct. 588, 593-94 (2004). However, the fact that it was never mentioned as justification for the arrest by either the arresting agents or the United States Attorney until after the court rejected the other grounds tendered simply confirms the weakness of the argument now being made.

IT IS THEREFORE ORDERED that the government's motion for reconsideration of this court's order of October 24, 2005, granting defendant Amr Mohsen's motion to suppress certain evidence obtained incident to his arrest on March 27, 2004 be, and the same hereby is, DENIED.

DATED:  December 21, 2005



WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28