UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

AMR MOHSEN,

        Defendant.

_____/

NO. CR. 03-0095 WBS

MEMORANDUM AND ORDER RE:
DEFENDANT'S MOTION FOR
DISCOVERY

----oo0oo----

        Following his indictment, trial, and conviction for
perjury, obstruction of justice, contempt of court, and
soliciting witness tampering and arson, petitioner Amr Mohsen
filed a motion to vacate his conviction and sentence pursuant to
28 U.S.C. § 2255.  (Docket No. 789.)  Presently before the court
is petitioner's motion requesting discovery that he claims is
necessary to prepare a reply brief on his § 2255 petition.
(Docket No. 810.)

///

1

I.    Procedural and Factual Background

        In a two-phase jury trial, petitioner was found guilty of crimes related to alleged perjury and obstruction of justice in a patent infringement case and contempt of court (phase one), and soliciting witness tampering and arson (phase two).  During the first phase of the trial, evidence was presented suggesting that petitioner had fabricated an engineering notebook in the underlying patent infringement case, testified falsely about the notebook, and conspired with his brother to fabricate the notebook and provide false testimony about it.  The fabricated notebook belonged to petitioner and relates to the underlying civil patent and antitrust litigation between Aptix (of which petitioner was the CEO) and QuickTurn.

        Separate from the fabricated notebook, the government also presented notes (the "Lobo notes") that appeared to record what transpired at a meeting that occurred between petitioner and Keith Lobo, QuickTurn's CEO, on August 19, 1996.  (Rep.'s Tr. ("RT") 147-49.)[1]  According to the Lobo notes, petitioner notified QuickTurn that it was infringing on the '069 patent at that meeting.  (RT 147-50.)  Petitioner later produced the falsified Lobo notes in the civil patent litigation to support his claim that QuickTurn's violation of the patent was willful and that treble damages should begin to run from the time that petitioner claimed that he provided notice to QuickTurn on August 19, 1996.  (RT 148-52.)

---

        [1]    Citation to the Reporter's Transcript, or RT, is used to reference the trial transcript.  All citations to pre- and post-trial transcripts are referenced by date of the proceeding.

1        At trial, the government presented evidence that before
2  turning over the Lobo notes to Quickturn, petitioner sent
3  different versions of the notes to Robert Kuranz in Wisconsin to
4  see if Kuranz could date-test the ink.  (RT 281-84.)   The
5  government used this evidence to show that the Lobo notes were
6  falsified by petitioner in order to support his claim regarding
7  notice in the civil patent case and that the notes were not
8  actually written concurrently with the meeting in question.

9        The amended § 2255 petition raises claims of
10 ineffective assistance of counsel and failure of the government
11 to turn over exculpatory evidence.  Petitioner claims that his
12 trial counsel failed to conduct discovery that would have shown
13 that the Lobo notes and misrepresentations regarding the notes
14 were not material and therefore did not support his convictions
15 for perjury, conspiracy to commit perjury, and obstruction of
16 justice.  (Def.'s Am. Mot. to Vacate Convictions Per § 2255 ("Am.
17 § 2255 Pet.") at 2:19-14:13 (Docket No. 789).)   Petitioner
18 specifically argues that his counsel should have "obtained Mr.
19 Lobo's deposition and related discovery materials from the patent
20 and antitrust cases to demonstrate that the meeting with Mr. Lobo
21 actually occurred and that Quickturn knew of the issuance of
22 Aptix's patent in 1996."  (Id. at 12:3-5.)

23       Many of the documents in the underlying civil suits
24 were filed under a protective order requiring that protected
25 documents be identified as "For Attorneys Eyes Only."  Prior to
26 the start of the criminal trial, petitioner's original counsel,
27 John Williams, stated that he had reviewed the files from the
28 civil case and noticed that many of them were sealed.  The

3

government did not object at that time to unsealing the
documents, but noted that QuickTurn objected to having a
competitor review the documents.  (Sept. 9, 2003, Tr. at 1-4.)
Judge Alsup, who was still presiding over the case at the time,
suggested that petitioner's counsel make a motion to unseal the
material that appeared to be valuable.  (Id.)  Petitioner's
counsel withdrew prior to filing any such motion and petitioner's
subsequent counsel did not move to lift the protective order.

        In opposition to the amended § 2255 petition, the
government notes in passing that "because Mohsen has not provided
the Lobo deposition as an exhibit to this motion, it is pure
speculation that the Lobo deposition establishes that the meeting
actually occurred."  (US's Opp'n to § 2255 Mot. at 52:2-4 (Docket
No. 805).)  Based on this statement, petitioner argues that
whether there was a meeting on August 19, 1996, and when
QuickTurn received notice of the patent infringement are issues
of factual dispute that cannot be answered without access to the
files in the underlying civil cases.  (Mot. for Discovery at 2:2-
13.)

        Petitioner now moves the court to lift the protective
order in the underlying civil cases so that petitioner may review
all of the documents filed in the patent and antitrust suits that
are in the possession of the liquidator of Howrey & Simon, the
law firm that represented Aptiz in both civil suits.  (Id. at
8:18-9:2.)  In the alternative, petitioner suggests that such
extensive discovery would not be necessary if QuickTurn (now
Cadence Design Systems) will confirm (1) whether a meeting
between Mr. Lobo and petitioner took place on or about August 19,

1   1996, and (2) whether QuickTurn received notice of infringement

2   of the '069 patent at that meeting or by any other means at or

3   near that date.  (<u>Id.</u> at 9:3-19.)

4          In addition to the government's opposition to

5   petitioner's motion for discovery, the court has received a

6   statement from Cadence Design Systems ("Cadence") regarding the

7   motion.  (Docket No. 820.)  Cadence acquired QuickTurn in 1999

8   and therefore owns all of QuickTurn's proprietary business

9   information pertaining to the antitrust and patent issues.

10  (Statement by Third Party at 2:1-6 (Docket No. 820).)  Cadence

11  does not take a position as to whether petitioner's discovery

12  request is legally appropriate, but notes that any such discovery

13  would present a disclosure issue and that Cadence should be able

14  to review any documents that petitioner would like to publically

15  use to determine whether the documents contain information that

16  is still confidential.  (<u>Id.</u> at 2:19-3:3.)  Cadence does object

17  to petitioner's alternative discovery proposal, which would

18  require interrogatories and requests for admission from Cadence,

19  but further notes that even if such discovery were legally

20  permissible, Cadence does not possess the institutional knowledge

21  to respond to such requests.  (<u>Id.</u> at 3:4-12.)

22  II.  <u>Discussion</u>

23          "A habeas petitioner, unlike the usual civil litigant

24  in federal court, is not entitled to discovery as a matter of

25  ordinary course."  <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997).

26  Rule 6 of the Rules Governing Section 2255 Proceedings provides

27  for discovery as follows:

28          (a) Leave of Court Required.  A judge may, for good

5

1  cause, authorize a party to conduct discovery under the
2  Federal Rules of Criminal Procedure or Civil Procedure,
   or in accordance with the practices and principles of
3  law. . . .
   (b) Requesting Discovery.  A party requesting discovery
4  must provide reasons for the request.  The request must
   also include any proposed interrogatories and requests
5  for admission, and must specify any requested documents.

6  Section 2255 R. 6.  Good cause exists "where specific allegations

7  before the court show reason to believe that the petitioner may,

8  if the facts are fully developed, be able to demonstrate that he

9  is . . . entitled to relief."  Bracy, 520 U.S. at 909-10 (quoting

10 Harris v. Nelson, 394 U.S. 286, 300 (1969)) (alteration in

11 original).  "Denial of an opportunity for discovery is an abuse

12 of discretion when the discovery is necessary to fully develop

13 the facts of a claim."  Teague v. Scott, 60 F.3d 1167, 1172 (5th

14 Cir. 1995).

15      Good cause does not exist, however, where the facts

16 alleged do not demonstrate a basis for relief.  See Hubanks v.

17 Frank, 392 F.3d 926, 933 (7th Cir. 2004); United States v. Huner,

18 No. CV 08-2369, 2009 WL 2509184, at *1 (D. Ariz. Aug. 17, 2009)

19 (denying discovery because "[p]etitioner has not alleged facts

20 which, if true, would demonstrate that he is entitled to

21 relief").  The court need not "allow prisoners to use federal

22 discovery for fishing expeditions to investigate mere

23 speculation."  Calderon v. U.S. Dist. Ct. N.D. Cal., 98 F.3d

24 1102, 1106 (9th Cir. 1996).

25      Petitioner's requested discovery on the Lobo notes is

26 at least one step removed from the primary issue at trial, which

27 was whether the engineering notebooks were fabricated and

28 material to the underlying civil litigation.  At trial, the

6

1   government presented overwhelming evidence establishing that the

2   notebooks were material to the civil litigation, but suggested

3   during closing arguments that the jury could also find the

4   notebook material because it provided evidence that the Lobo

5   notes, which petitioner used to established treble damages in the

6   patent suit, were fraudulent.[2]  (RT 1224-25.)  Petitioner does

7   not argue that additional discovery on the facts underlying the

8   Lobo notes will show that they were not forged, but only that

9   they would not have been material in the civil litigation.

10       As to petitioner's Brady claim, that the government

11  failed to turn over exculpatory evidence regarding the Lobo

12  meeting, petitioner's request for discovery will not establish

13  whether the Lobo deposition was ever in the government's

14  possession.  Petitioner's discovery request will only shed light

15  on whether the Lobo meeting took place and if notice of

16  infringement was provided at that time.  This evidence will not

17  counter the government's evidence that it was not in possession

18  of the deposition during the pendency of the criminal case.

19  Accordingly, good cause does not exist for discovery on the basis

20  of petitioner's Brady claim.

21       As to petitioner's claim for ineffective assistance of

22  counsel, assuming the court were to permit petitioner his

23  requested discovery, at most the discovery granted might prove

24  that the Lobo meeting did take place and that QuickTurn did

25

26       [2]    The Ninth Circuit Court of Appeals has already held
    that the government's reliance on the Lobo notes during closing
27  arguments was proper and did not constitute constructive
    amendment of the indictment.  United States v. Mohsen, 587 F.3d
28  1028, 1031 (9th Cir. 2009).

7

1    receive notice of infringement either at or before the meeting
2    with petitioner.  Petitioner's motion assumes that if there was
3    independent evidence supporting the facts alleged in the
4    falsified Lobo notes, the fabricated notes and his
5    misrepresentations regarding the notes would no longer have been
6    considered "material" in the civil case and therefore he might
7    have been acquitted.  As this court noted during sentencing,
8    however, the falsification of the Lobo notes had independent
9    probative value, regardless of whether the meeting actually took
10   place, because they indicate that petitioner "felt that it was
11   necessary to fabricate the evidence in order to persuade the
12   trier of fact that the meeting did occur."  (Jan. 5, 2007 Tr. at
13   84.)

14        For petitioner's perjury conviction, the jury did not
15   need to find that the falsified Lobo notes were actually relied
16   upon in the civil trial, only that the misrepresentation had a
17   natural tendency to influence the fact-finder's decision on an
18   issue which was relevant to the matters to be determined by the
19   fact-finder.  See United States v. McKenna, 327 F.3d 830, 839
20   (9th Cir. 2003).  Whether the Lobo notes were material was based
21   on their materiality when petitioner produced the notes and not
22   based on whether the notes actually influenced the civil
23   litigation.  See id.  Discovery showing that the Lobo notes would
24   not have been relevant during trial in the patent suit would
25   therefore be insufficient to show that the notes did not have a
26   natural tendency to influence the fact-finder's decision when
27   they were produced by petitioner at his deposition to support his
28   claim for treble damages.

Similarly, for petitioner's obstruction of justice conviction the jury did not need to find that petitioner's falsification of the Lobo notes actually served to obstruct justice, only that petitioner acted with the intent to obstruct justice. See United States v. Rasheed, 663 F.2d 843, 853 (9th Cir. 1981) (noting that "actual obstruction is not an element of proof"); cf. Osborn v. United States, 385 U.S. 323, 333 (1966). The proposed discovery will not provide any additional information as to petitioner's intent to obstruct justice when he created the falsified Lobo notes. The possibility that evidence regarding when QuickTurn received notice of infringement would have rendered the Lobo notes unnecessary was therefore not relevant to whether petitioner intended to influence the outcome of the civil patent suit.

Finally, petitioner challenges the standing of the government to oppose his motion for discovery. (Reply to Opp'n to Mot. for Discovery at 3:24-5:18 (Docket No. 816).) Because discovery is not automatic in § 2255 cases, petitioner would not have been entitled to discovery simply because the government did not opposed his motion. Regardless of whether the government had standing to oppose the motion, petitioner bears the burden of demonstrating good cause. See Stanford v. Parker, 255 F.3d 442, 460 (6th Cir. 2001). Petitioner has not met this burden, therefore the question of whether the government had standing to oppose the motion is irrelevant.

Because petitioner's requested discovery would not provide evidence demonstrating that he is entitled to relief, petitioner has failed to show good cause for the requested

1  discovery.

2          IT IS THEREFORE ORDERED that petitioner's motion for

3  discovery be, and the same hereby is, DENIED.

4  DATED:  May 29, 2012

5

6                              WILLIAM B. SHUBB
                              UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28